Ruby L. Shimko, Transferee v. Commissioner. Mary L. Shadowens, Transferee v. Commissioner.
Shimko v. Commissioner
Docket Nos. 589-71 and 5655-70 SC.[1]
United States Tax Court
T.C. Memo 1972-64; 1972 Tax Ct. Memo LEXIS 191; 31 T.C.M. (CCH) 268; T.C.M. (RIA) 72064; March 9, 1972, Filed. *191 Petitioners are two of four sisters surviving the decedent. In 1966 petitioners each received over $6,000 from the decedent's estate. After the distribution and after the estate was closed, the administrator of the estate discovered that no income tax return had been filed for the decedent's last taxable year. Decedent's other two sisters paid their ratable share of the taxes, penalties and interest due. Ruby L. Shimko and Mary L. Shadowens, pro se, 9116 Grayfield, Detroit, Mich. James C. Lynch, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined a transferee liability of $307.10 against each petitioner. After concessions by respondent the issue for decision is whether petitioners are liable as transferees of the estate *192 of Ralph A. Emery for the income tax deficiency of the decedent for 1965. Findings of Fact Some of the facts have been stipulated and they are so found. Petitioners are Ruby L. Shimko and Mary L. Shadowens, both of whom had their residence in Detroit, Mich., at the time the petitions herein were filed. Ralph A. Emery (hereafter the decedent) died intestate on June 26, 1965. The decedent's heirs were his four sisters Geneva Graves, Maurine Leath, and the two petitioners herein. The decedent's estate was administered in California, the place of his death, and on September 15, 1966, the Superior Court of Sacramento County, Calif., ordered distribution of the estate. In the course of its order the state court found that all taxes of the decedent had been paid. The net residue of the estate distributed was $24,911.22 of which each petitioner received one-fourth, or $6,227.81, thereof. The distribution left the estate with no assets, and on October 5, 1966, the estate was closed. Subsequent to the closing of the estate, the public administrator discovered that he had neglected to file a Federal income tax return for the taxable year 1965 on behalf of the decedent. On September 25, 1967, the *193 administrator filed the tax return for 1965 which disclosed an income tax liability in the amount of $661. No part of the tax liability was paid upon filing of the return. On April 22, 1968, two of the heirs of the decedent, Geneva Graves and Maurine Leath., paid a total of $455.08 in connection with their tax liabilities as transferees of the decedent's assets. On June 4, 1970, respondent issued his notice of deficiency to each of the petitioners in the amount of $307.10 against each. Opinion Petitioners do not dispute that at the time that their shares of the decedent's estate were distributed to them the estate had failed to pay $661 of income taxes plus interest owing for 1965. Petitioners contended on brief that the decedent's deductible expenses were understated in figuring his tax for 1965; however, there is nothing in the record to substantiate this claim. The main thrust of their complaints with respondent is that the tax for 1965 was not 269 paid through no fault of their own, that the public administrator of the estate should pay the tax, that respondent did not attempt to collect the tax from them until after they had spent their inheritances, and that respondent *194 should have settled for the $455.08 already collected from their two sisters. We sympathize with petitioners; nevertheless, they still owe the balance of the tax of the decedent for 1965. Section 6901(a) prescribes the method for collecting taxes from transferees of a defaulting taxpayer. It is merely a procedural statute. In the case of income taxes the substantive obligation of the transferee to pay the taxes of his transferor is determined under state law with the Government placed in the position of any other creditor. Commissioner v. Stern, 357 U.S. 39 (1958). Cal. Civ. Code § 3439.04 (West 1954) provides the following: * * * Conveyances by insolvent Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration. Petitioners are liable for the tax of the decedent under this section if the liability for tax existed at the time of the distribution from the estate, if the estate was left without adequate assets to pay the liability as a *195 result of the distribution, and if they did not provide adequate consideration for the transfer. Pope v. National Aero Finance Co. , 46 Cal. Rptr. 233, 236 C.A. 2d 722 (1965). The distributions to petitioners meet the requisites of the California statute, and they are liable for the balance of decedent's income tax for 1965. The decedent's other two sisters have paid $455.08 on account of their transferee liability. Accordingly, we hold that petitioners are each liable for the balance of the decedent's tax, $205.92. Petitioners are also responsible for the interest due on the unpaid taxes. [2]Leo L. Lowy, 35 T.C. 393 (1960). Decisions will be entered under Rule 50. Footnotes
1. Consolidated for trial, briefing and opinion.↩
2. Respondent has consented to compute interest in a manner most favorable to petitioners. Accordingly, interest shall be computed on $661 from April 15, 1966, to April 22, 1968, when the other two sisters made their partial payment, and on $205.92 from April 22, 1968, until the date that balance is paid.↩